NO. 07-05-0444-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 25, 2006
_____

ADAM GRANADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3696; HONORABLE RON ENNS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Adam Granado, appeals from a conviction for money laundering and a sentence of five years confinement suspended for 10 years.  We affirm.

Factual and Procedural Background

Dumas police officer Jason Wilkins stopped appellant's vehicle for an expired registration sticker.  According to Wilkins, appellant exhibited extreme nervousness, was visibly shaking, and avoided eye contact.  Based upon these observations, Wilkins

requested permission to search the vehicle. As appellant walked away from the officer, after giving permission to search the vehicle, Wilkins observed a plastic baggy with an undisclosed amount of cash sticking out of appellant's rear pocket. During the search of the vehicle, the officer found five more plastic baggies containing cash hidden underneath the mat in the trunk compartment of the vehicle. A police drug dog was called to the scene and alerted on the driver's side rear passenger compartment and the trunk area. The total amount of cash found was $6,100.

At trial, two officers testified that the packaging of money in plastic baggies is a common way to carry money for individuals involved in drug distribution. Two other officers testified that the cash had a strong smell of marijuana. Additionally, evidence of extraneous offenses for possession of drug paraphernalia was presented to the jury. Evidence of one other police contact, where methamphetamine residue was found in appellant's vehicle, was also presented to the jury. The jury convicted the appellant of money laundering.

Appellant's sole contention is that the evidence was legally insufficient to sustain the conviction.

Legal Sufficiency
Standard of Review

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.

<u>Virginia</u>, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); <u>Ross v. State</u>, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility of the evidence. <u>Jackson</u>, 443 U.S. at 319. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. <u>Guevara v. State</u>, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Furthermore, the standard of review on appeal is the same for both direct and circumstantial evidence cases. <u>Id</u>.

A person commits the offense of money laundering if he knowingly acquires or maintains an interest in, receives, conceals, possesses, transfers, or transports the proceeds of criminal activity. <u>See</u> TEX. PEN. CODE ANN. § 34.02(a)(1) (Vernon 2005). "Criminal activity" means any offense classified as a felony under Texas or federal law or any offense under the laws of another state punishable by confinement for more than one year. § 34.01(1). In the case before us, the indictment alleged appellant knowingly possessed proceeds of criminal activity, to-wit: possession or delivery of a controlled substance or marijuana, and that the value of said funds was $3,000 or more but less than $20,000.

Analysis

At the time of the detention, appellant exhibited an extreme state of nervousness before the request for permission to search the vehicle was granted. Further, the record shows that appellant had, in his possession, currency of the value of $6,100. Officers testified that possession of marijuana with a street value of $6,100 would be a felony. Appellant's explanation for possession of the cash was that he had just sold a vehicle, yet

3

when asked, appellant could not provide documentation of the sale. Additionally, two officers testified that the currency emitted a strong odor of marijuana and was packaged, based upon their experience and training, in a manner consistent with proceeds of a drug transaction. A K-9 officer testified that the drug dog used in this case was trained to alert to the presence of several drugs including marijuana, and that the dog did, in fact, alert on the currency.

Although, all of the evidence regarding the currency's origin was circumstantial, that evidence is sufficient to prove an actor guilty of the offense alleged. Guevara, 152 S.W.3d at 49. Based upon this evidence we cannot say that a rational jury could not have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Accordingly, appellant's issue is overruled.

Conclusion

Having overruled appellant's sole issue, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.

4